BOWEN, Judge,
concurring specially.
This case must be reversed for the reasons set out in the opinion of this Court in which I concur. I write to two additional issues that were raised on appeal and that may recur on any retrial.
I.
Thurman Sheffield, a co-defendant, who was “unavailable” at trial, gave a tape-recorded statement to the investigators concerning the collision. In my opinion, the trial court properly refused to allow defense counsel to question Investigator Cole about the statement which was not a *868 “declaration against interest” and was not admissible as an exception to the rule against hearsay.
“To be admissible as a declaration against interest, the fact declared must have been against the declarant’s proprietary or pecuniary interest at the time the declaration was made....
“Sometimes it will appear crystal clear that the declaration was against the de-clarant’s pecuniary or propriety interest. At other times, however, whether the declaration is against one’s pecuniary or proprietary interest is unknowable from the declaration alone. In these latter cases the courts must look at evidence in addition to the statement. In those instances where a statement could be for as well as against the declarant’s pecuniary or proprietary interest, some court’s have utilized the method of determining the status of the statement by asking whether the primary motive of the de-clarant, at the time he made the statement, was to aid or derogate his own self-interest.”
C. Gamble, McElroy’s Alabama Evidence § 249.01(5) (3d ed. 1977) (footnotes omitted).
In neither Lundy v. State, 539 So.2d 324 (Ala.Cr.App.1988), nor this case were the statements unequivocally against the de-clarant’s interest at the time they were made. Here, Sheffield’s statement was aimed at absolving both himself and the defendant from any criminal liability.
“[T]he theory underlying the hearsay exception for declarations against interest is that people do not make statements that are disadvantageous to themselves without substantial reason to believe that the statements are true. Reason indicates that the disadvantage must exist at the time the statement is made; otherwise it can exert no influence on the declarant to speak the truth. That the statement may at another time prove to be disadvantageous, or for that matter advantageous, is without significance. This characteristic of contemporaneity is implicit in the cases, though seldom discussed. ...”
McCormick on Evidence § 279 at 824-825 (E. Cleary, 3d ed. 1984) (footnote omitted).
Federal Rule of Evidence 804(b)(3) requires that, to be admissible, the statement must be one “that a reasonable man would not have made ... unless he believed it to be true.” That qualification “has often been stated as requiring that there have been no motive to falsify.” McCormick at 827. However,
“[t]his is too sweeping, and the limitation can probably best be understood merely as a qualification that even though a statement be against interest in one respect, if it appears that declarant had some motive, whether of self-interest or otherwise, which was likely to lead to misrepresentation of the facts, the statement should be excluded.”
McCormick at 827 (footnote omitted).
I do not think there could be a clearer example of a “motive to misrepresent the facts” than that presented here. Sheffield’s motive in stating that he took the dazed, shocked defendant away from the accident scene was to clear both himself and the defendant from any criminal liability attaching to their leaving the scene of the accident. His motive in claiming the beer in the defendant’s truck was obviously to prevent suspicion about the defendant’s driving under the influence.
II.
In my opinion, the consumption of alcohol and its impairment of one’s ability to drive was relevant in this case. The evidence concerning the dissipation of alcohol in the human body was relevant to rebut the defense that the defendant left the scene because he was dazed and in shock. Under the facts of this case, the State had the right to counter that defense with evidence tending to indicate that the defendant left the scene to allow his blood-alcohol level to drop before being tested. Although there is no allegation of DUI in the indictment, there is no need to allege “collateral misconduct” in an indictment when the State seeks to use collateral misconduct to rebut a special defense. “Courts may admit evidence of collateral crimes or acts *869 when it is relevant to rebut specific defenses such as alibi, consent, entrapment, lack of knowledge or intent, mistake, physical incapacity and insanity.” Schroeder, Evi-dentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 271 (1984) (footnotes omitted). See also McCord v. State, 501 So.2d 520, 530-31 (Ala.Cr.App.1986) (State showed accused not licensed and bonded in accord with regulatory statute to rebut special defense of claim of right to property).